```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MARK AGUIAR,                              :
                                          :
                                          :  06 Civ. 03334 (THK)
                       Plaintiff,         :
                                          :
           -against-                      :
                                          :  MEMORANDUM OPINION AND
                                          :         ORDER
THE STATE OF NEW YORK; NEW YORK STATE     :
UNIFIED COURT SYSTEM, OFFICE OF COURT     :
ADMINISTRATION; and NEW YORK STATE        :
SUPREME COURT, APPELLATE DIVISION,        :
FIRST DEPARTMENT,                         :
                                          :
                       Defendants.        :
                                          :
------------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

In a Memorandum Opinion and Order, dated September 25, 2008, this Court concluded that Plaintiff was bound by the terms of an oral settlement agreement entered on the record in open court, and directed the parties to submit a Proposed Consent Decree embodying their agreement. See Aguiar v. New York, No. 06 Civ. 03334 (THK), 2008 WL 4386761 (S.D.N.Y. Sept. 25, 2008) ("Opinion and Order"). Plaintiff now moves for reconsideration of the Court's Opinion and Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on the basis of excusable neglect. He claims that when he submitted his opposition to Defendants' Motion to Enforce the Settlement Agreement, he mistakenly attached an outdated version of a Consent Degree proposed for adoption by the Court, rather than the most recent draft prepared by his counsel. Plaintiff contends that,

> [t]he latter draft of plaintiff's proposed Consent Decree ("latter draft") raised important legal issues. Without the latter draft before it, the Court was deprived of the opportunity to address those issues. Had the Court, indeed, considered the issues raised in the latest draft agreement, the Court would have denied defendants' Motion to Enforce.

(Plaintiff's Memorandum of Law in Support of Motion for Reconsideration, dated October 9, 2008 ("Pl.'s Mem."), at 1.)

Defendants oppose Plaintiff's motion.

For the reasons that follow, the motion for reconsideration is denied.

## DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 6.3").[1] Rule 6.3

---

[1] Plaintiff makes no reference to this Rule, and, instead, relies upon Fed. R. Civ. P. 60(b), which governs motions seeking relief from a final judgment, order, or proceeding. No doubt, this omission is a function of Plaintiff's patent inability to satisfy the standards of Rule 6.3. Plaintiff's motion, however, is a motion for reconsideration of a non-final order, and is thus subject to Rule 6.3's requirements. "An order is final only when the court has resolved all disputed matters before it and need take no further action save to execute the judgment." Laffey v. Northwest Airlines, Inc., 642 F.2d 578, 584 (D.C. Cir. 1980) (concluding that Rule 60(b) was inapplicable where violations of Equal Pay Act and Title VII had been established, all that remained was to calculate the amount of back-pay owed, and parties were directed to meet in an attempt to agree on back-pay); see 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.23 at 60-82 (3d ed. 2008) ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order."). In the instant case, the parties were directed to meet and attempt to agree on the written provisions of a proposed consent judgment. If they were unable to do so, they were required to submit their respective proposed consent judgments to the Court. That has not yet occurred and a final judgment has

provides that a motion for reconsideration of a court order must be served with "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." See S.D.N.Y. Civ. R. 6.3 (2008). "The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on the original motion." Cohen v. Federal Express Corp., No. 07 Civ. 01288 (RJH)(THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007) (internal quotation marks omitted); see also Levin v. Gallery 63 Antiques Corp., No. 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties.") (internal quotation marks and citations omitted); Koehler v. The Bank of Bermuda Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("It is implicit in [the] language [of Rule 6.3] that a motion for *reconsideration* cannot assert new arguments

---

not been entered. See 12 MOORE'S FEDERAL PRACTICE § 60.23 at 60-82 ("For example, consent judgments and judgments resulting from a Rule 68 'offer of judgment' may finally resolve all issues in a litigation but may not be appealable judgments. Nonetheless, despite their lack of appealability, a consent judgment is sufficiently final to support a Rule 60(b) motion as is a judgment resulting from a Rule 68 offer of judgment.").

or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*.") (emphasis in original).

It is obvious that Plaintiff cannot satisfy the requirements of Rule 6.3. He seeks reconsideration on the basis of material he acknowledges his attorney failed to submit to the Court when he was addressing the original Motion to Enforce. (See Pl.'s Mem. at 2.) This was not material that was overlooked by the Court.

Accordingly, Plaintiff's motion for reconsideration is denied.

As previously directed, the parties shall promptly confer and, within fourteen days of this Opinion and Order, shall submit a proposed consent decree for entry by the Court, that incorporates the terms of their in-court settlement agreement. If there are any disagreements about the wording of the judgment, each party should set forth his position in a letter not exceeding five pages in length, and, after due consideration, the Court will enter a settlement judgment that is consistent with the terms of the oral agreement.

So ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: October 23, 2008
       New York, New York

4